

FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION     2010 FEB 16  P 1: 25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| **TRACY ABERNATHY** : | |
| **7 LAKEWOOD DRIVE** | |
| **LEXINGTON, OHIO 44904** : | |
| **AND** : | CASE NO. 2:10 cv 131 |
| **LAWANA SHIPLEY** : | |
| **8079 CRESCENT DRIVE** | JUDGE  JUDGE WATSON |
| **LEWIS CENTER, OHIO 43035** : | |
| | **MAGISTRATE JUDGE** |
| **PLAINTIFFS,** : | MAGISTRATE JUDGE KING |
| | |
| : | **JURY DEMAND ENDORSED** |
| v. | **HEREON** |
| : | |
| **CORINTHIAN COLLEGES, INC.** : | |
| **S/A CT CORPORATION SYSTEM** | |
| **1300 EAST NINTH STREET** : | |
| **CLEVELAND, OHIO 44114** | |
| : | |
| **DEFENDANT.** | |

## PARTIES

Plaintiffs, Tracy Abernathy, and Lawana Shipley, complaining of Defendant Corinthian Colleges, Inc. allege as follows:

1. Plaintiffs are individual citizens of the State of Ohio. Plaintiff Tracy Abernathy has an address of 7 Lakewood Drive, Lexington, Ohio and at all times pertinent hereto was employed as a Medical Assisting Instructor with Defendant. Plaintiff Lawana Shipley has an address of 8079 Crescent Drive, Lewis Center, Ohio and at all times pertinent hereto was employed as an Admissions Representative with Defendants.

2. Defendant Corinthian Colleges (hereinafter "Corinthian") was incorporated in the State of Delaware, has its principal place of business in the State of California and has an office located at 825 Tech Center Drive, Gahanna, Ohio, Franklin County.

3. The acts complained of herein took place in Franklin County, Ohio.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon 28 USC § 1331 because the action arises under the laws of the United States and upon 42 USC § 2000e *et seq.* providing for relief from discrimination in employment on the basis of gender.

5. Venue lies in the Southern District of Ohio pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391 based upon the illegal acts of Defendant which occurred in the County of Franklin, State of Ohio.

6. Plaintiffs have complied with administrative prerequisites by filing a dual charge of discrimination with Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC").

7. On November 17, 2010, the EEOC mailed Notices of Right to Sue to the Plaintiffs, attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF: SEXUAL HARASSMENT - TITLE VII, 42 U.S.C. § 2000e et. seq.

8. The allegations of the prior paragraphs are incorporated as if fully set forth below.

9. William DeFusco at all times pertinent hereto, was the President of Defendant's Gahanna, Ohio location, as well as an employee and/or agent of Defendant.

10. During the course of Plaintiffs' employment with Defendant, Defusco continuously engaged in touching, conduct and statements of a sexual nature to the Plaintiffs.

11. During the course of Plaintiffs' employment with Defendant, Defusco subjected the Plaintiffs to unwelcome sexual harassment in the form of sexual advances and/or requests for sexual favors including offering the Plaintiffs job promotions in exchange for sex.

12. Plaintiffs' submission to the unwelcome advances and/or requests was an express or implied condition for receiving job benefits. The Plaintiffs refused to have sexual relations with Defusco and as a result they were denied promotions and other benefits with Defendant.

13. At various times, Plaintiffs informed managers and/or supervisors and/or human resources personnel of Defendant of the touching, conduct, statements and/or quid pro quo offers of sex for promotions.

14. Defendant failed to take prompt, effective remedial action.

15. Defendant's response or lack thereof to Plaintiffs' complaints was a violation of 42 USC § 2000e, et seq..

16. Defendant's discrimination against Plaintiffs was intentional, deliberate or reckless and without regard for their legal rights in violation of 42 USC § 2000e, et seq.

17. Defendant's discrimination against Plaintiffs was with malice and/or with reckless indifference of their rights and safety.

18. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiffs have suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which they have been engaged previously, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health effects and loss of time and money endeavoring to protect themselves from Defendant's unlawful discrimination, including costs and attorney's fees.

## SECOND CLAIM FOR RELIEF: RETALIATION - TITLE VII, 42 USC 2000e et. seq.

19. The allegations of the prior paragraphs are incorporated as if fully set forth below.

20. Plaintiffs notified Defendant of DeFusco's conduct and statements.

21. Plaintiffs' complaints were a protected activity under Title VII, 42 USC 2000e, et. seq.

22. Defendant took retaliatory action against Plaintiffs for notifying management of the conduct and statements.

23. Defendant unlawfully retaliated against Plaintiffs in violation of Title VII, 42 USC 2000e, et. seq. because they complained of the sexual harassment.

24. Defendant's reasons for the retaliation were a pretext for unlawful retaliation in violation of Title VII, 42 USC 2000e, et. seq.

25. Defendant's discrimination against Plaintiffs was intentional, deliberate or reckless and without regard for their legal rights.

26. Defendant's discrimination against Plaintiffs was willful, malicious, spiteful and with ill will and with a reckless disregard for their legal rights.

27. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiffs have suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which they have been engaged previously, loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health effects and loss of time and money endeavoring to protect themselves from Defendant's unlawful discrimination, including costs and attorney's fees.

**WHEREFORE**, Plaintiffs pray, as to Defendant, as follows:

(a) That this Court award such equitable relief as is proper as compensation for the loss of each Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay and future earning capacity;

(b) That this Court award each Plaintiff compensation for her adverse health effects, for the loss of her opportunity to engage in gainful employment, and future earnings, lost earning capacity and for humiliation, embarrassment, loss of reputation, loss of self-esteem, adverse health and for emotional distress;

(c) That this Court award each Plaintiff all lost wages and benefits;

(d) That this Court award each Plaintiff punitive damages;

(e) That this Court award each Plaintiff reasonable attorney's fees and the costs of this action; and

(f) That this Court grant each Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

Rayl L. Stepter (0047505)
1900 Polaris Parkway, Suite 450
Columbus, Ohio 43240
(614) 468-4100
Fax (614) 468-4101
*raylstepter@stepterlaw.com* (Email)
Trial Attorney for Plaintiffs

Plaintiff demands trial by jury.

Rayl L. Stepter
Trial Attorney for Plaintiffs

5