IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


TRACY ABERNATHY, *et al.*,

      Plaintiffs,


      vs.                    Civil Action 2:10-CV-131
                                   Judge Watson
                                   Magistrate Judge King

CORINTHIAN COLLEGES, INC.,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on plaintiffs' motion to compel.[1] *Plaintiffs' Motion to Compel Discovery Responses*, Doc. No. 17 ("*Motion to Compel*").  For the reasons that follow, the *Motion to Compel* is **GRANTED in part and DENIED in part**.

This is an employment action in which plaintiffs assert claims of sexual harassment and retaliation under Title VII, 42 U.S.C. §2000e-5.[2] After the Court established a discovery deadline, *Preliminary Pretrial Order*, Doc. No. 8,[3] plaintiffs served discovery requests on February 23, 2011.  *Exhibit A*, attached to *Motion to Compel*.  Plaintiffs represent that they filed the *Motion to Compel* after defendant failed to respond to these requests.  *Motion to Compel*, p. 2.  After plaintiffs' motion was fully briefed, *see* Doc. Nos. 19 and 23,

---

[1]There are three plaintiffs: Tracy Abernathy, Jennifer Brown and Lawana Shipley.  *Amended Complaint*, Doc. No. 11.  On August 4, 2011, the Court granted plaintiffs' counsel leave to withdraw as counsel for plaintiff Lawana Shipley.  *Order*, Doc. No. 32.

[2]There is a related case pending in state court.  *See Preliminary Pretrial Order*, Doc. No. 8.

[3]The discovery deadline was later extended to July 1, 2011.  *Order*, Doc. No. 16.

defendant filed a notice representing that it had fully complied with plaintiffs' discovery requests.  Doc. No. 27.  The Court then ordered the parties to report on the status of the *Motion to Compel*.  *Order*, Doc. No. 28.

On July 29, 2011, the parties jointly reported that they had communicated about the discovery at issue in the *Motion to Compel*, but that they needed additional time to resolve remaining issues.  Doc. No. 30.  The Court ordered that the parties report again on the status of the dispute by August 12, 2011.  *Order*, Doc. No. 31.  On that date, plaintiffs asked for yet more time to submit another status report.  Doc. No. 33. On September 6, 2011, the parties submitted their status reports.  Doc. Nos. 38, 39.  They disagree on whether defendant has fully complied with certain discovery requests.  *Id*.

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  Accordingly, "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34.  Rule

2

37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  In addition, the party moving to compel discovery must certify that that party "has in good faith conferred or attempted to confer with the person or party failing to make  disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2. Although plaintiffs have not complied with this prerequisite, the Court, based on the circumstances in this particular case, will nevertheless consider the merits of the *Motion to Compel*.

In its most recent *Order*, Doc. No. 37, the Court required the parties to specify the discovery requests, if any, that remained in dispute.  The Court will therefore limit its discussion to those requests explicitly identified by the parties.

Plaintiffs first complain that defendant "has not provided or identified documents responsive to Request No. 8." Doc. No. 39, p. 1. Document Request No. 8 seeks production of "all records of coaching meetings involving [plaintiff] Jennifer Brown." *Exhibit A*, p. 4.  In its status report, defendant references certain emails that it believes are responsive to this request and advises that, "[i]f plaintiffs have misplaced the emails used as evidence [that plaintiffs were never promised a promotion], they can access the exhibit online." Doc. No. 38, p. 2.  Plaintiffs respond that numerous emails have been produced and that defendant has not identified which particular emails are responsive to this request.  Doc. No. 39, p. 2.

Based on the present record, it is not immediately clear which documents are responsive to Document Request No. 8.  Accordingly, as

3

to Document Request No. 8, the *Motion to Compel* is **GRANTED**.
Defendants are **ORDERED** to identify the specific documents by page (by
Bates number, if applicable) that are responsive to this request.

Plaintiffs next complain that defendant has not fully responded
to Document Request No. 12, which they characterize as seeking "the
performance records of all similarly situated employees being
supervised by the Manager (Renee Fall) involved in Plaintiff Brown's
termination." Doc. No. 39, pp. 2-3. However, as presently
formulated, this request actually seeks the production of "any and
all Admissions Representative flash reports for Admissions
Representatives who worked under Renee Fall" from January 1, 2004
through the present. Exhibit A, pp. 2, 4. Based on the present
record, the Court cannot say that "flash reports" are the same as
"performance records" or that "similarly situated employees being
supervised by" Renee Fall reaches the same scope of individuals as
"Admissions Representatives who worked under Renee Fall."

Notwithstanding this apparent ambiguity, the parties' dispute as
to this request instead focuses on whether or not defendant must
produce documents regarding those employees who were supervised by Ms.
Fall, who worked for defendant before plaintiffs were hired and who
were employed after plaintiffs were fired. *See* Doc. No. 38, p. 3
(stating that defendant has previously produced documents "regarding
every employee who was supervised *in any capacity* by Renee Fall during
the time period when *any* of the Plaintiffs were employed" and that
there is no basis to produce information regarding individuals
employed before or after any of the plaintiffs were employed)
(emphasis in original); Doc. No. 39, pp. 2-3 (insisting that records

4

related to all employees supervised by Renee Fall should be produced).

In order to qualify as "similarly-situated," an alleged comparator "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 659 (6th Cir. 1999) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)). However, a plaintiff need not establish an "exact correlation;" the party must, however, establish "relevant similarity[.]" *Perry v. McGinnis*, 209 F. 3d 597, 601 (6th Cir. 2000). Under this authority, and considering the breadth of permissible discovery under Fed. R. Civ. P. 26(b), the Court cannot say at this time that a discovery request seeking production of performance records of employees who were employed before or after plaintiffs' employment is not reasonably calculated to lead to the discovery of admissible evidence. However, it is unclear whether the scope of plaintiffs' request, which seeks documents from January 1, 2004 through the present, is overly broad. The briefing and status reports related to the *Motion to Compel* and the *Amended Complaint*, Doc. No. 11, do not identify when plaintiffs were hired or when their employment ended. Therefore, as it relates to Document Request No. 12, the *Motion to Compel* is **GRANTED in part.** Defendant must produce documents responsive to Document Request No. 12 from one year prior to plaintiffs' hire date to the present. To the extent that plaintiffs seek documents outside this time period, the motion is **DENIED.**

Finally, defendant seeks an award of fees incurred in opposing the *Motion to Compel*. Doc. No. 38, p. 4. Where, as in this case, a court has granted a discovery motion only in part, "the court may . . .apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). This decision is left to the sound discretion of the court. *Cf. Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 701 (6th Cir. 2003).

Although plaintiffs' *Motion to Compel* was not granted in its entirety, the Court cannot fairly conclude that defendant has prevailed in significant part in opposing the motion. Under these circumstances, the Court also concludes that the award of fees requested by defendant would not serve the values contemplated by Rule 37. Defendant's request for reasonable attorney's fees is therefore denied.

*Plaintiffs' Motion to Compel Discovery Responses*, Doc. No. 17, is **GRANTED in part and DENIED in part** consistent with the foregoing. Defendant is **ORDERED** to respond to the discovery requests identified above within fourteen (14) days of the date of this *Opinion and Order*.

September 12, 2011                          *s/Norah McCann King*
                                          Norah McCann King
                                    United States Magistrate Judge