```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**TRACY ABERNATHY,** *et al.*,

    **Plaintiffs,**

  vs.                               Civil Action 2:10-CV-131
                                        Judge Watson
                                        Magistrate Judge King

**CORINTHIAN COLLEGES, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This is an employment action in which plaintiffs Tracy Abernathy, Jennifer Brown, and Lawana Shipley assert claims of sexual harassment and retaliation under Title VII, 42 U.S.C. §2000e-5.  This matter is before the Court on *Defendant Corinthian Colleges, Inc.'s Partial Motion to Dismiss Claims of Plaintiff Lawana Shipley*, Doc. No. 45 ("*Motion to Dismiss Shipley Claims*") and *Defendant Corinthian Colleges, Inc.'s Partial Motion to Dismiss*, Doc. No. 46 ("*Partial Motion to Dismiss Based on Res Judicata*").  For the reasons that follow, it is **RECOMMENDED** that defendant's motions be **GRANTED**.

**I.**    *PARTIAL MOTION TO DISMISS SHIPLEY CLAIMS*

All plaintiffs were originally represented by counsel.  *See Amended Complaint*, Doc. No. 11.  Counsel thereafter requested and was granted, without objection, leave to withdraw on behalf of plaintiff Shipley.  *Motion for Leave to Withdraw*, Doc. No. 24; *Order,* Doc. No. 25; *Order,* Doc. No. 32.  Prior to the withdrawal of counsel on behalf of plaintiff Shipley, however, the Court ordered that plaintiff to respond to defendant's discovery requests within 14 days.  *Opinion and Order*, Doc. No. 29, pp. 4-6.  The Court specifically advised plaintiff

Shipley that her failure to respond to the discovery requests would result in the imposition of sanctions, including possible dismissal of her claims against defendant. *Id*. at 6.[1] Defendant represents that plaintiff Shipley has failed to respond to defendant's discovery requests. Plaintiff Shipley has also failed to respond to the *Motion to Dismiss Shipley Claims*.[2]

Defendant seeks dismissal of plaintiff Shipley's claims pursuant to Rule 37(b)(2)(A)(v). That rule provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include [an order] . . .dismissing the action or proceeding in whole or in part . . ." Fed. R. Civ. P. 37(b)(2)(A)(v).  Additionally, Rule 41 of the Federal Rules of Civil Procedure provides:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ." Fed. R. Civ. P. 41(b). Dismissal of an action for failure to cooperate in discovery or to comply with the orders of the court is left to the sound discretion of the trial court. *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366 (6th Cir. 1997) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).  In applying either Rule 37(b)(2) or Rule 41, the Court must consider four factors:

---

[1] Plaintiff Shipley was thereafter reminded of her obligation in that regard. *Order,* Doc. No. 32, p. 1, n.1.

[2] Efforts to correspond with plaintiff Shipley have been unsuccessful.  Neither the Court nor counsel have a valid address for her.  *See Order*, Doc. No. 57; *Notice*, Doc. No. 58; *Notice,* Doc. No. 59.

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon*, 110 F.3d at 366-67 (quoting *Reg'l Refuse Sys., Inc.*, 842 F.2d at 153-55).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

In this case, plaintiff Shipley has failed to comply with her discovery obligations under the Federal Rules of Civil Procedure and has not complied with the order of this Court.  In light of the specific warning that her failure to comply with the *Opinion and Order*, Doc. No. 29, "will result in the imposition of sanctions, including the possible dismissal of her claims[,]" the Court must construe plaintiff Shipley's failure to respond as willful.  Defendant is prejudiced by this failure because it cannot effectively defend against plaintiff Shipley's claims without responses to discovery requests regarding her claims.  The Court is not persuaded that less drastic sanctions – such as ordering responses yet again – would be effective in light of plaintiff's failure to comply with the Court repeated directives.  Under these circumstances this Court concludes that dismissal of plaintiff Shipley's claims is an appropriate sanction.  *See Harmon*, 110 F.3d at 366-67; *Reyes*, 307 F.3d at 458.  This is particularly so in light of the fact that it appears that plaintiff Shipley has abandoned her prosecution of the litigation.

II.     ***PARTIAL MOTION TO DISMISS BASED ON RES JUDICATA***

Defendant has also moved to dismiss plaintiffs' claim of sexual harassment/hostile work environment, arguing that the doctrine of *res judicata* bars litigation of this claim in this Court. *Partial Motion to Dismiss Based on Res Judicata*. Plaintiffs Abernathy and Brown have filed a notice stating that they will not oppose defendant's motion, Doc. No. 55, and plaintiff Shipley has not filed a response to that motion.

"Under Ohio law, the doctrine of res judicata consists of the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 2011 U.S. App. LEXIS 17717, at *6 (6th Cir. Aug. 25, 2011) (internal quotation marks and citations omitted). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject of a previous action." *Id*. Under Ohio law, claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id*. at *7 (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)) (quoting *Felder v. Cmty. Mut. Ins. Co.*, No. 96-3320, 1997 U.S. App. LEXIS 6622, 1997 WL 160373, at *3-4 (6th Cir. April 4, 1997)).

Plaintiffs previously initiated a separate action against defendant entitled *Tracy Abernathy*, *et al. v. Corinthian Colleges,*

4

*Inc.*, *et al.*, Case No. 09CVH06-8483, in the Court of Common Pleas for Franklin County, Ohio. *See Decision and Entry Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, Filed September 8, 2010*, attached to the *Partial Motion to Dismiss Based on Res Judicata*. In that action, plaintiffs alleged a claim of hostile work environment sexual harassment arising out of incidents that allegedly occurred while they were employed by defendant. *Id*. at 1-9. Concluding that plaintiffs' claim of hostile work environment sexual harassment failed as a matter of law, the Franklin County Court of Common Pleas and granted defendant's motion for summary judgment on this claim. *Id*. at 9, 15.

The judgment entered by the Court of Common Pleas for Franklin County is now a final decision on the merits. The instant action involves the same parties and raises the same claim of hostile work environment sexual harassment arising out of incidents that allegedly occurred during plaintiffs' employment with defendant. Based on the present record, plaintiffs' claim of hostile work environment sexual harassment is foreclosed from relitigation in this Court. *See Ohio ex rel. Boggs*, 2011 U.S. App. LEXIS 17717, at *6.

**WHEREUPON**, it is **RECOMMENDED** that *Defendant Corinthian Colleges, Inc.'s Motion to Dismiss Claims of Plaintiff Lawana Shipley*, Doc. No. 45, and *Defendant Corinthian Colleges, Inc.'s Partial Motion to Dismiss*, Doc. No. 46, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


March 9, 2012                                           *s/Norah McCann King*
                                                        Norah McCann King
                                                 United States Magistrate Judge