UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tracy Abernathy, *et al.*

    Plaintiffs,

-v-                                          Case No. 2:10–cv–131

Corinthian Colleges, Inc.                  Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

On February 7, 2013, the Court ordered Defendant to show cause why the Court should not sanction Defendant for the incorrect characterization of the argument in its last minute motion to dismiss for lack of jurisdiction. Defendant has responded. For the following reasons, the Court declines to impose monetary sanctions against Defendant but admonishes Defendant and Defense Counsel.

## I. BACKGROUND

This case was set to go to trial at 9:00 a.m., January 7, 2013, on a quid pro quo sexual harassment claim by Tracy Abernathy ("Abernathy"), federal and state retaliation claims by Abernathy, and a state retaliation claim by Jennifer Brown ("Brown"). On Saturday, January 5, 2013, at approximately 7:00 p.m., Corinthian Colleges, Inc., ("Defendant" or "CCI") filed a motion to dismiss Abernathy's quid pro quo claim, or in the alternative, to limit her claim to the charge presented to

the Equal Opportunity Employment Commission ("EEOC"). Defendant argued the Court did not have jurisdiction over Abernathy's quid pro quo claim because Abernathy did not file a timely charge and the charge that she did file did not concern the job promotion at issue in Abernathy's quid pro quo claim.

The trial was delayed, and on February 7, 2013, the Court denied Defendant's motion to dismiss, ECF No. 127. The Court held Abernathy's failure to file a timely charge was not jurisdictional and that Defendant had waived the argument that Abernathy's claims should be dismissed for failure to exhaust her administrative remedies by failing to raise it in the answer and previous dispositive motions. In addition, the Court ordered Defendant to show cause why the Court should not sanction it for its incorrect argument that Plaintiff's failure to timely file a EEOC charge removed this Court's jurisdiction.

## II. DISCUSSION

Federal Rule of Civil Procedure 11(b) states in relevant part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3) the factual contentions have evidentiary support or, if

> specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 12(c)(1).

The 1983 amendments to Rule 11 were made to "facilitate the imposition of sanctions against attorneys who disregard their professional responsibilities to the court." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). "As amended, the rule stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed." *Id.* (internal citations omitted). The test for imposing sanctions is whether the attorney's conduct was reasonable under the circumstances. *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 372 (6th Cir. 1996).

Defendant argues the Court should not enter sanctions against Defendant for its argument that Abernathy's failure to timely file a charge with the EEOC was jurisdictional because Defendant corrected its argument immediately upon review of Plaintiffs' brief in response to Defendant's motion; at the time it made the argument, Defendant was under tremendous time pressure; the facts related to Defendant's motion were accurate and supported by evidence; and Defendant did not seek delay of the jury trial but rather suggested an immediate summary bench

trial on the just-filed motion to dismiss.

Defendant's recognition that Abernathy's failure to file a timely charge with the EEOC is not jurisdictional after Plaintiffs pointed it out does not excuse Defendant's original argument. Rule 11 states that by filing a motion an advocate certifies that he or she has made an "inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Conceding the point after an adversary has done the research does not excuse the filing attorney's failure to research. In addition, Plaintiff cited to *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), which held that the EEOC filing timing requirement is merely a prerequisite to filing a lawsuit, in the conference with the Court on the morning trial was to have begun and yet Defendant continued to assert that its argument was jurisdictional in later briefing. *See* Def.'s Mot. P. Summ. J., ECF No. 123.

Defendant's second argument—that counsel was under extreme time pressure—also does not excuse the misrepresentation. Defendant argues it had to restructure its case after the Court excluded much of its evidence a week before trial and then again after Plaintiffs notified Defendant of their intention to dismiss their retaliation claims two days before trial. The Court does not understand how those circumstances prevented Defendant from taking time to research whether failing to file a timely EEOC charge was jurisdictional. The motion simply stated "Abernathy never filed an EEOC charge regarding CCI's failure to promote her to the medical assisting chair position, and thus, this Court has no subject matter

jurisdiction to hear her claims in regard to such position." Mot. Dismiss 4, ECF No. 121. There are no citations to support the statement. This leads the Court to believe Defendant did no research to support this statement, and Defendant admits it did not "dedicate an extended effort to researching how it should characterize its motion to dismiss." Resp. Order to Show Cause 3, ECF No. 128. In addition, Defendant's counsel argues she consulted the treatise Ohio Employment Practices Law to ascertain the proper filing time limits for an EEOC charge. As Plaintiffs point out, that authority states that timely filing an EEOC charge is not a jurisdictional prerequisite to suit in federal court and can be waived. See Bradd N. Siegel et al., Ohio Employment Practices Law § 21:13 (2012). Even under time pressure, failure to research the legal effect of an argument and fully consider a consulted authority is unreasonable.

Defendant's third argument is correct; its arguments were supported by evidence. Accordingly, the Court is not considering sanctions under Rule 11(b)(3).

However, Defendant's argument that its motion did not cause the delay in trial is disingenuous at best. Although Defendant suggested a summary bench trial on the issue of Plaintiff"s EEOC charge, the issue presented by Defendant was not suited to a factual hearing. Even if the Court had held a short trial and determined Defendant's argument was factually correct, the Court had to determine whether the argument was in fact jurisdictional and, if not, whether

Defendant had waived the argument, which required case law research.

In its reply brief, Defendant attempts to point the finger at Plaintiffs for including the allegation that Abernathy had complied with administrative requirements in their complaint and causing Defendant to incur costs by dropping retaliation claims at the last minute before trial. Simply pointing the blame does not excuse Defendant's actions.

Finally, Defendant offers several explanations of why it did not discover the defect in Plaintiff's claim until January 5, 2013, why it incorrectly argued the EEOC filing deadline was 180 days after the event, and why it was late in filing its motion for partial summary judgment. These explanations are all irrelevant to the Court's request that Defendant show cause why it should not sanction Defendant for its incorrect statement of the law, made without authority, that the EEOC filing requirement was jurisdictional.

The Court finds Defendant, through counsel, violated Rule 11(b)(2) by asserting Abernathy's failure to file a timely EEOC charge was jurisdictional. While the Court finds monetary sanctions would be appropriate in this circumstance to reimburse the Court for the jury pool which was assembled, monetary sanctions for violations of Rule 11(b)(2) are not permitted against represented parties. Fed. R. Civ. P. 11(c)(5)(A). Accordingly, the Court instead strongly admonishes Defendant and its counsel to be much more careful in the future and to avoid making arguments to the Court without research or citations to

law.

This case will proceed to trial on August 12, 2013. The trial will cover Abernathy's quid pro quo sexual harassment and retaliation claims. Plaintiffs' counsel has represented it does not intend to proceed with Brown's retaliation claim. Resp. Mot. Dismiss 1 n.1, ECF No. 125. This representation is now binding on Plaintiffs and any change in claims from this point forward is likely to result in sanctions.

In addition, the Court notes ECF Nos. 117, 118, and 120 are all motions concerning the last trial date. Accordingly, those motions are **MOOT** and shall be terminated from the docket.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT