UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tracy Abernathy, *et al.*,

    Plaintiffs,

v.

Corinthian Colleges, Inc.,

    Defendant.

Case No. 2:10–cv–131

Judge Michael H. Watson

Magistrate Judge King

## OPINION AND ORDER

Tracy Abernathy ("Plaintiff") objects to the Magistrate Judge's Report and Recommendation ("R&R") regarding her motion for attorneys fees. ECF No. 199.[1] For the following reasons, the Court **OVERRULES** Plaintiff's objections.

The R&R outlines the extensive procedural history in this case as well as the relevant law surrounding awards of attorneys fees in civil rights cases. For the sake of brevity, the Court incorporates the R&R in that regard and proceeds directly to each of Plaintiff's discrete objections. In so doing, the Court will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Plaintiff objects. 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or

---

[1] Consistent with the R&R, the motion for attorneys fees referenced herein includes ECF Nos. 167, 169, and 195.

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## I. The Email Records

In his motion for attorneys fees, Plaintiff sought compensation for 205.9 hours spent on email communications, billed at an hourly rate of $250, for a total of $51,475.00. R&R 34, ECF No. 198 (citing ECF No. 195). The Magistrate Judge found that Plaintiff failed to establish the time spent on these email communications was reasonably expended. *Id.* at 37.

Plaintiff objects to the Magistrate Judge's finding on four grounds: (1) the email records constitute contemporaneous billing records; (2) the conclusion that compensation is not warranted for time spent on emails is contrary to law; (3) counsel intended to submit the records as contemporaneous billing records; and (4) billing for emails in tenths of an hour is permissible.

### A. Whether the email records constitute contemporaneous billing records

In support of her request for fees for time expended on email communications, Plaintiff submitted a list of 2,059 emails that indicates the author, subject, and the date of receipt of each email. *See* Exhibits C, D, E, ECF Nos. 167-3, 167-4, 167-5 (collectively "the email list.").[2] This list was Plaintiff's only record of billing for these communications.

---

[2] Notably, multiple entries include redactions of one or more of these categories of information.

The Magistrate Judge found that the failure to separately record time billed for these communications establishes that counsel failed to keep contemporaneous time records, which warrants a reduction in hours reasonably expended. R&R 35, ECF No. 198.

Plaintiff contends this finding was clearly erroneous because the email list in and of itself constitutes a contemporaneous billing record. The Court disagrees. The list provides, when not redacted, the author, subject, and receipt date of each email, but it does not provide any indication of the time spent drafting or reviewing the emails. The list therefore does not constitute a contemporaneous time record to support an award of fees for time expended on the emails. Plaintiff's objection on this ground is therefore overruled.

**B. Whether compensation is warranted for time expended on emails**

Plaintiff next objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's request for fees for the time expended on the email communications because the email list lacks sufficient information to enable the Court to determine whether certain email communications are properly billable. See R&R 35–36, ECF No. 198.

Specifically, Plaintiff contends that to the extent the Court cannot determine whether the time spent on the communications is properly billable, a reduction of the time requested is warranted as opposed to a complete denial of compensation for all requested time. But while Plaintiff provides authority establishing that reductions in fees are applied only in rare circumstances, she

provides no authority for the proposition that insufficient information from which to determine whether time expended is properly billable is an unlawful basis on which to deny, rather than reduce, fees. Accordingly, Plaintiff's objection on this ground is overruled.

### C. Whether counsel submitted the email records as contemporaneous billing records

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff did not "purport to include in the Billing Records the 2,059 email communications contained in the email list." See R&R 36, ECF No. 198. Plaintiff objects, arguing that his affidavit establishes that he submitted the records attached as Exhibits C, D, and E of his motion for fees (the emails lists) for the Court's review and consideration for compensation. Plaintiff's objection is not well taken. The Magistrate Judge did consider those Exhibits but noted that Plaintiff did not purport to submit the actual emails referenced in those lists. The Court therefore overrules Plaintiff's objection on this ground.

### D. Whether billing for emails in one tenth of an hour is permissible.

In denying Plaintiff's request for fees, the Magistrate Judge noted that Plaintiff presented no authority or justification for billing one tenth of an hour for each email. In her objections, Plaintiff cites two cases in this circuit wherein courts awarded fees for time billed in tenths of an hour. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553–54 (6th Cir. 2008); *Mikaloff v. Walsh*, No. 5:06–96, 2009 WL 901860, at *11 (N.D. Ohio Mar. 30, 2009). But in those

cases, the plaintiffs sought compensation for an amount of time actually expended on the case, which they billed in increments of one-tenth of an hour. Here, instead of billing for a certain amount of time spent in six minute increments, counsel simply billed six minutes for each email per his "usual and customary practice." Stepter Aff. ¶ 9, ECF No 167-1. It is that practice for which Plaintiff does not provide any authority. Accordingly, the Magistrate Judge correctly found that the failure to provide a contemporaneous billing record indicating the time expended on each email supports the denial of the requested feeds. The Court therefore overrules Plaintiff's objection on this ground.

In sum, the Magistrate Judge did not err in denying Plaintiff's request for fees for the time expended on the 2,059 email communications.

## II. Time Expended on the Claims of Lawana Shipley and Jennifer Brown

Plaintiff also seeks fees for time expended on the claims of Lawana Shipley ("Shipley") and Jennifer Brown ("Brown"). The Magistrate Judge recommended denying Plaintiff's request. R&R 24, ECF No. 198. Plaintiff objects on three grounds: (1) evidence regarding Shipley's and Brown's claims were relevant to Plaintiff's case, (2) evidence regarding their claims supported Plaintiff's *quid pro quo* claim that survived summary judgment; and (3) the Court's exclusion of the evidence at trial does not necessitate exclusion of the time spent acquiring the evidence.

In finding that Plaintiff was not entitled to an award based on time expended on Shipley's and Brown's claims, the Magistrate Judge emphasized

that Shipley and Brown voluntarily dismissed their claims and therefore are not prevailing parties. Plaintiff recognizes that Shipley and Brown cannot recover fees as prevailing parties but argues that she can recover fees related to acquiring evidence regarding Shipley and Brown because such evidence constituted "other acts evidence" that was used to prepare her own prevailing case.

Whether Plaintiff is entitled to such fees turns on whether Shipley's and Brown's claims are related to Plaintiff's successful retaliation claim. In cases where a plaintiff achieves only partial success, courts must address "(1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which he or she succeeded, and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney fees." *Imwalle, Inc.*, 515 F.3d at 552 (citation omitted).

> Work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved" where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories. *Id.* at 435, 103 S.Ct. 1933. But where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. 1933.

*Id.*

Plaintiff first argues she would have pursued discovery into Shipley's and Brown's claims regardless of whether they were parties to the action, as their claims shared a common core of facts with those of Plaintiff. But Plaintiff has still not demonstrated how Shipley's and Brown's claims were relevant to her retaliation claim, the only claim upon which she prevailed. *See* R&R 22, ECF No. 198. She indicates that much of the alleged sexual harassment against Shipley, Brown, and herself was alleged to have occurred around the same time and in the same manner, but she does not explain how that evidence was related to her retaliation claim.

Plaintiff next submits that the "other acts" evidence that counsel spent time acquiring was related to her sexual harassment claim, which is intertwined with her successful retaliation claim. Accordingly, she argues, the time spent acquiring such evidence is compensable, and the Magistrate Judge erred in not considering the evidence as related to her sexual harassment claim. But while Plaintiff cites authority for the proposition that discrimination and retaliation claims can be related, she does not explain how Shipley's and Brown's harassment claims are intertwined her retaliation claim in this instance. And indeed, as the R&R notes, the Court excluded from trial any "other acts" evidence related to Shipley and Brown. R&R 23, ECF No. 198 (citing Opinion and Order, ECF No. 145). Furthermore, Plaintiff's contention that her counsel had an ethical obligation to pursue evidence that could reasonably be admitted in

the litigation of her claims does not establish that counsel should be awarded attorneys fees for pursuing that evidence in this instance.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff is not entitled to fees for the requested time merely because the Court excluded "other acts" evidence at trial. She argues that even though the Court ultimately excluded the evidence, it was proper to initially seek the evidence for potential admission, and the time spent doing so is compensable. But as with Plaintiff's initial motion for fees, she cites no authority for this proposition. And regardless, failure to establish the relatedness between the claims precludes compensation.

For these reasons, the Magistrate Judge did not err in excluding from the fee calculation the time expended on Shipley's and Brown's claims.

### III. Across the Board Reduction

Plaintiff next objects to the Magistrate Judge's application of a seventy-five percent across the board reduction. The Magistrate Judge recommended the reduction on five grounds: (1) some of the time expended relates to only Shipley's and Brown's claims; (2) the Billing Records include multiple block entries rendering it impossible to calculate the time expended on Plaintiff's claims; (3) numerous billing entries lack sufficient descriptions of activities, precluding evaluation of whether the time spent on those activities was reasonably expended; (4) multiple entries reflect excessive time and double-billing; and (5) Plaintiff achieved only limited success on her claims. R&R 49, ECF No. 198.

Plaintiff objects to the application of the reduction on these grounds. She first submits it is contrary to law to base the reduction on the denial of hours spent pursuing evidence related to Shipley and Brown. She maintains that compensation for the pursuit of such evidence is warranted, and thus block billing regarding Shipley, Brown, and Abernathy was proper because the tasks billed for related to each of the three plaintiffs. However, the Court has already found that Plaintiff is not entitled to fees for time expended on Shipley's and Brown's claims. Thus, the inability to determine whether the tasks billed for relate to Abernathy's retaliation claim warrant exclusion of the time billed for those tasks.

Plaintiff next submits that the reduction is contrary to law to the extent it relies on insufficient billing descriptions. She summarily asserts that the fourteen pages of billing records exclusive of the email communications reflect four years of litigation. But the Magistrate Judge illustrated the deficiencies in the billing records through examples of some of the non-email communication entries to which Plaintiff refers, and Plaintiff does not address those deficiencies in her objections. See R&R 29–31, ECF No. 198. Indeed, the Court agrees with the Magistrate Judge that those examples demonstrate that the billing records contain entries "so general or undefined that it is impossible for this Court to determine whether or not the request for fees related to those tasks is reasonable." R&R 29, ECF No. 198. Plaintiff's conclusory assertion to the contrary does not demonstrate otherwise.

Plaintiff also submits that the reduction is clearly erroneous to the extent it is based on a finding that her success was limited. She argues the Magistrate Judge erred in comparing the $3,500 judgment awarded on her retaliation claim to the $36,000 she sought in closing argument. She believes that the $3,500 jury award was based on one month of pay loss due to retaliation, and argues that because she was unemployed for approximately one month, she obtained a full award on her retaliation claim, indicating success. But that does not negate the Magistrate Judge's finding that the litigation history revealed only a modest degree of success despite multiple years of litigation on several claims. *See* R&R 41, ECF No. 198 ("after more than four years of litigation in two different courts, plaintiff Abernathy lost on summary judgment as to one of her claims in state court, voluntarily dismissed the remaining state court claims, achieved modest evidentiary gains prior to trial in this action and prevailed on one of two claims at trial, resulting in a $3,500 jury award."). Plaintiff's objection on this ground is therefore overruled.

In sum, the Magistrate Judge did not err in applying a seventy-five percent across the board reduction based on the aforementioned grounds.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections, ECF No. 199, and **ADOPTS** the R&R, ECF No. 198, and the fee award outlined therein. Additionally, in accordance with the R&R, the Court grants in part and

denies in part ECF Nos. 167, 169, and 195. The Court shall remove ECF Nos. 167 and 169 from The Civil Justice Reform Act Motions Report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**